IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DANNY LEE WARNER, JR.,**

      **Plaintiff,**

  v.                                       Civil Action 2:24-cv-1565
                                              District Judge Michael H. Watson
                                              Magistrate Judge Kimberly A. Jolson

**ANNETTE CHAMBERS-SMITH, et al.,**

      **Defendants.**

## ORDER

Before the Court is Plaintiff's Motion for Service (Doc. 36).  On September 20, 2024, the Undersigned issued an Order and Report and Recommendation allowing Plaintiff to proceed, in part, on various legal mail-related claims against Defendants Chambers-Smith, Payne, Smith, Grey, and various John/Jane Doe mailroom employees.  (Doc. 5-1 at 27–28; Doc. 44 at 2–3 (outlining which legal mail claims are proceeding in this case)).  The Undersigned also warned Plaintiff that he must file a motion to issue service "setting forth the identit[ies]" of the unnamed Defendants to proceed against them in this case.  (Doc. 5-1 at 32).

Upon *de novo* review of that Report and Recommendation, the District Judge ordered that Plaintiff's non-legal mail claims should be severed from this action.  (Doc. 35 at 27–28).  The District Judge further ordered Plaintiff to file a notice stating which set of claims he wanted to keep in this case.  (*Id.* at 31–32).  Yet before Plaintiff filed that notice, he filed the instant Motion for Service, seeking to identify and serve some of the unnamed Defendants involved with his legal-mail claims.  (Doc. 36).  The Court held the Motion in abeyance until the severance issues were resolved.  (Doc. 38).

Plaintiff filed his notice as ordered on February 3, 2025. (Doc. 40). A week later, the Court severed Plaintiff's non-legal mail claims and dismissed them from this case. (*See* Doc. 44). As such, the Court may now consider Plaintiff's Motion for Service. (Doc. 36).

Plaintiff wishes to serve Mansfield Correctional Institution mailroom employees Leslie Gifford, Amanda Porter, and Roxanne Wolford, "all of whom," says Plaintiff, are liable for the alleged constitutional violations at-issue in this action. (*Id.* at 1). The Court **CONSTRUES** Plaintiff's Motion as a motion to supplement his Complaint to identify the John/Jane Doe Defendants and **GRANTS** it. For clarity, the Complaint, (Doc. 4), is still operative. In other words, the claims and alleged facts contained in the Complaint still control. The only difference is Plaintiff has now identified some of the John and Jane Doe mailroom employees. (*See* Doc. 4 at 6).

Plaintiff has provided summonses and U.S. Marshal forms for Defendants Gifford, Porter, and Wolford. (*See* Doc. 36-1). But the forms are deficient. Specifically, Plaintiff did not complete the portion of the summons forms that asks for his name and address. (*See* Doc. 36-1 at 1, 4, 7). As such, the Clerk is **DIRECTED** to mail Plaintiff copies of his summonses and United States Marshal forms for Defendants Gifford, Porter, and Wolford. (Doc. 36-1). Plaintiff is **ORDERED** to properly complete these forms and return them to the Court **within twenty-one (21) days of the date of this Order**. Plaintiff may consult pages 30–35 of the Court's *Pro Se* Handbook for more information on correcting these forms.

    IT IS SO ORDERED.

Date: February 14, 2025                                                             s/ Kimberly A. Jolson
                                                                                         KIMBERLY A. JOLSON
                                                                                         UNITED STATES MAGISTRATE JUDGE