**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**DANNY LEE WARNER, JR.,**

      **Plaintiff,**

    **v.**                                **Civil Action 2:24-cv-1565**
                                               **District Judge Michael H. Watson**
                                             **Magistrate Judge Kimberly A. Jolson**

**ANNETTE CHAMBERS-SMITH, et al.,**

      **Defendants.**

**<u>ORDER</u>**

Defendant's Motion for Leave to File Answer *Instanter* (Doc. 50), and Plaintiff's Request for Entry of Default Judgement and Affidavit in Support (Doc. 56), are before the Court. Defendant's Motion is **GRANTED**, and Plaintiff's Motion is **DENIED as moot**.

**I.**     **BACKGROUND**

Plaintiff, a prisoner at Trumbull Correctional Institution proceeding *pro se*, sues Defendants under 42 U.S.C. § 1983 for alleged violations of his rights under the First, Sixth, Fourth, and Fourteenth Amendments. (Doc. 44 at 2–3 (listing the claims proceeding in this case)).

Plaintiff filed this action on April 4, 2024. (Doc. 1). Following an initial screen of his complaint under 28 U.S.C. § 1915(e), the Court ordered service by certified mail on Defendants, including Defendant Smith, on September 20, 2024. (Doc. 5-1 at 32). But the summons for Defendant Smith was returned unexecuted. (Doc. 11 at 2). Because Defendants' counsel had previously filed an answer on Defendant Smith's behalf, the Court ordered counsel to say whether they would accept service of process for Defendant Smith. (Doc. 14). At that time, counsel said they did not represent Defendant Smith and filed an amended answer omitting his name. (Docs. 15, 16).

To move the case forward, the Court ordered counsel to file the last-known address of Defendant Smith *ex parte* and under seal. (Doc. 19). When counsel did so, the Court again ordered service by certified mail. (Doc. 23). Once more, though, the summons was returned unexecuted. (Doc. 31). The Court then ordered the United States Marshal to serve Defendant Smith personally, which, ultimately, was successful. (Docs. 30, 34). Defendant Smith's answer was due on January 13, 2025. (Doc. 34).

That date passed, however, and Defendant Smith did not file anything. So, on March 6, 2025, the Court issued a show cause order, directing Plaintiff either to request entry of default against Defendant Smith or explain why his claims against him should not be dismissed. (Doc. 49). The next day, Defendant Smith filed a Motion for Leave to File Answer *Instanter*. (Doc. 50). Weeks later, Plaintiff filed a "Request for Entry of Default Judgement and Affidavit In Support." (Doc. 56). Plaintiff also filed a response to Defendant Smith's Motion and opposes his request to file his answer *instanter*. (Doc. 57).

The Motions are ready for the Court's review. (Docs. 50, 56, 57).

## II. STANDARD

Under Federal Rule of Civil Procedure 6(B)(1)(b), the Court may grant leave to file where a party's failure to act was due to excusable neglect. Fed. R. Civ. P. 6(B)(1)(b). The Sixth Circuit has described the standard the Court must apply:

> [T]he governing legal standard for excusable-neglect determinations is a balancing of five principal factors: (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late filing party acted in good faith.

*Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs., Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Excusable neglect is an "elastic

2

concept," permitting courts to "accept late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 381.

## III. DISCUSSION

On the whole, the factors weigh in favor of granting Defendant Smith leave to file his answer *instanter*. (Doc. 50). Addressing prejudice first, Plaintiff says he will be harmed if Defendant Smith's Motion is granted because "the deadlines for discovery and dispositive motions will have to be extended." (Doc. 57 at 1–2). But the Court already extended those deadlines because of discovery and service matters involving other Defendants. (Doc. 59 (moving the deadlines, noting some Defendants had not been served, and discussing a pending motion to compel); Doc. 60 (showing the new Defendants were served on March 31, 2025)). Therefore, allowing Defendant Smith to file his answer now will not prejudice Plaintiff, since he has ample time to obtain discovery from Defendant Smith before the new discovery deadline. (*Id.* (setting the discovery cut-off for June 6, 2025)).

Further, Plaintiff claims he was prejudiced because he had to spend "time, energy, and financial resources" responding to the Court's show cause order. (*Id.* at 2). While this may be true, "prejudice alone may not, in all instances, provide a basis upon which the Court will deny a party leave to file *instanter* if other circumstances suggest that denial would be unjust." *Thompson v. Ohio State Univ.*, No. 2:12-cv-1087, 2014 WL 2711176, at *2 (S.D. Ohio June 13, 2014), *objections overruled sub nom. Thompson v. Ohio State Univ.*, No. 2:12-cv-1087, 2014 WL 3341333 (S.D. Ohio July 8, 2014) (citation omitted). The Court finds the costs of making copies, notarizing an affidavit, and paying postage are not so extensive as to justify an entry of default or the denial of Defendant Smith's Motion. (Doc. 57 at 2); *see, e.g.*, *Thomas v. Stiltner*, No. 1:13-

cv-0053, 2014 WL 661685, at *1, 4 (S.D. Ohio Feb. 19, 2014) (granting a motion for leave to file an answer *instanter* and saying "increased litigation costs" do not "generally support an entry of default" (quoting *U.S. v. $22,050 Currency*, 595 F.3d 318, 325 (6th Cir. 2010)).

Next, the Court finds the delay and its potential impact on judicial proceedings factor also favors granting leave to answer *instanter*.  While Defendant Smith's request to file an answer comes three months late, any delay associated with that tardiness is not substantial, given that case deadlines were recently extended for other reasons.  (Doc. 59); *see Tolliver v. Liberty Mut. Fire Ins. Co.*, No. 2:06-cv-904, 2008 WL 545018, at *1 (S.D. Ohio Feb. 25, 2008) (allowing a late answer where a two-month delay did not affect the case much); *Thompson*, 2014 WL 2711176 at *2 (allowing a three-month late answer and noting the delay had a "minimal" effect); *Morgan v. Gandalf, Ltd.*, 165 F. App'x 425, 428–30 (6th Cir. 2006) (affirming the district court's allowance of an eight-months-late answer).  Though Plaintiff complains that Defendant did not file his Motion until the Court issued its show cause order, notably, Plaintiff did not move for an entry of default until then either.  (Doc. 57 at 2–4; *see also* Doc. 49; Doc. 56).  Simply put, neither party acted promptly.

At bottom, this case is still in its early stages, despite its age.  (Doc. 1 (filed on April 4, 2024)).  In February, the Court severed some claims from this action, which narrowed the issues and Defendants involved in this litigation.  (Doc. 44 (order dated February 11, 2025)).  In addition, Plaintiff recently supplemented the pleadings to identify new Defendants, whose answers are not due until April 21, 2025.  (Docs. 45, 52, 60).  Importantly, the parties also have months left to conduct discovery before dispositive motions are due.  (Doc. 59).  So, in the end, Defendant Smith's three-month delay impacts this case very little.

Moving to the third factor, Defendant Smith attributes his tardiness to excusable neglect. Specifically, Defendant says that there was a miscommunication that delayed the "necessary paperwork" getting to the Ohio Attorney General's office. (Doc. 50 at 2 (citing Ohio Rev. Code § 109.361, which provides that state officers and employees must submit written requests to the attorney general to be represented by the office)). While "mere inadvertence does not usually constitute excusable neglect under Rule 6(b)," the Court must take into account "all relevant circumstances" and weigh this factor against the others. *Morgan*, 165 F. App'x at 429 (quotation omitted). In other words, courts may sometimes "accept late filings caused by inadvertence, mistake, or carelessness." *Pioneer*, 507 U.S. at 388. Here, where Plaintiff will not be significantly prejudiced and the case will largely be unaffected, the Court finds that denying Defendant Smith leave to file his answer would not "serve the interests of justice." *Elliott v. Sims*, No. 2:08-cv-1144, 2009 WL 1362508, at *3 (S.D. Ohio May 13, 2009) (granting a motion to file an answer *instanter*, even though the Court previously warned no further extensions to the answer deadline would be granted and the plaintiffs suffered some prejudice). Instead, the Court finds that this action should be decided on its merits. *See McGinnis v. Rentech Solutions, Inc.*, No. 2:11-cv-670, 2012 WL 1537611, at *2 (S.D. Ohio May 1, 2012) (noting a "general preference" for judgments on the merits, rather than default judgments); *Cooey v. Strickland*, No. 2:04-cv-1156, 2:09-cv-242, 2:09-cv-823, 2:10-cv-27, 2011 WL 320166, at *3 (S.D. Ohio Jan. 28, 2011) (allowing untimely answers where the plaintiffs were not harmed, and denial of leave to answer "would not further the cause of justice").

Lastly, as to the fourth and fifth factors, while the error was seemingly in Defendant Smith's control, nothing in the record suggests Defendant acted in bad faith, as Plaintiff argues. (Doc. 57 at 3 (asserting, without support, that Defendant Smith delayed his answer as "a strategic

decision" "in hopes of having the claims against [him] dismissed for failure to prosecute")). Rather, it appears that paperwork issues delayed counsel's representation of Defendant Smith, and that inadvertence resulted in a late request to file an answer. (*See* Doc. 50 at 2); Ohio Rev. Code § 109.361 (outlining procedures for state employees to obtain representation from the Ohio Attorney General's Office); (Doc. 16 (stating counsel did not represent Defendant Smith months before this issue arose)). Once the Court pointed out the missing answer, Defendant Smith filed his Motion the next day. (Docs. 49, 50). All told, the circumstances suggest a mistake, not bad faith. *See Thompson*, 2014 WL 2711176, at *3 (citing a quick motion to file an answer *instanter* as evidence against bad faith).

On balance, the Court finds the interests of justice would be best served by allowing Defendant Smith's untimely answer, and the Court **GRANTS** his Motion. (Doc. 50). Because this decision renders Plaintiff's Motion for a Default Judgment moot, the Court **DENIES** it as such. (Doc. 56); *Feaster v. Chambers-Smith*, No. 1:22-cv-313, 2023 WL 11878658, at *4 (S.D. Ohio Nov. 16, 2023) (denying a motion for default judgment as moot where the Court granted a motion for leave to file an answer *instanter*).

On a final note, Plaintiff seemingly wants the Court to sanction Defendant Smith for not answering sooner. (Doc. 57 at 5). Plaintiff offers no basis for sanctions. (*Id.* (citing no Federal Rules or case law in support of a sanction request)). Nor does anything in the record suggest sanctions are warranted here.

## IV.    CONCLUSION

For the foregoing reasons, Defendant Smith's Motion for Leave to File Answer *Instanter* is **GRANTED**. (Doc. 50). The Clerk is **DIRECTED** to separate Document No. 50-1 and file it

on the docket as Defendant Smith's Answer.  Consequently, Plaintiff's Request for Entry of

Default Judgement and Affidavit in Support (Doc. 56), is **DENIED as moot**.

      IT IS SO ORDERED.


Date: April 3, 2025                      /s/ Kimberly A. Jolson

                                           KIMBERLY A. JOLSON

                                           UNITED STATES MAGISTRATE JUDGE