# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

Danny Lee Warner, Jr.,

     Plaintiff,

     v.

Annette Chambers-Smith, *et al.*,

     Defendants.

Case No. 2:24-cv-1565

Judge Michael H. Watson

Magistrate Judge Jolson

## OPINION AND ORDER

This case now includes Plaintiff's mail-related claims only, asserted against Annette Chambers-Smith, Secretary Smith, Terra Gray, Dianna Payne, Leslie Gifford, Amanda Porter, Roxanne Wolford, and the remaining Jane and John Doe mailroom employees.

## I.    ANALYSIS

First, it is important to crystalize now the specifics of Plaintiff's mail-related claims so that each party, and the Court, is on the same page when litigating the merits of those claims. The Court construes the Verified Complaint as raising the following, and only the following, mail-related claims:

1) Defendants' legal mail "control number" policy violates Plaintiff's First (free speech and access-to-the-courts) and Sixth (right to counsel) Amendment rights.
2) Defendants' photocopying of legal mail violates Plaintiff's First and Sixth Amendment rights.
3) One or more Defendant(s) opened legal mail *with* a control number outside of Plaintiff's presence, violating Plaintiff's First and Sixth Amendment rights.

4) One or more Defendant(s) returned regular mail to Cadmus Publishing without notifying Plaintiff, violating Plaintiff's First Amendment and due process rights.

5) Defendants' practice of opening (searching) and destroying original legal mail after photocopying the same (seizing) violates Plaintiff's Fourth Amendment rights.

6) One or more Defendant(s) delivered incomplete photocopies of legal mail (missing pages or portions of pages), violating Plaintiff's First Amendment rights.

7) Gray and/or Smith lost legal mail, preventing Plaintiff from filing the same with the Montana Supreme Court, violating Plaintiff's First Amendment rights.

8) One or more Defendant(s) would not allow Plaintiff to affix postage to a regular envelope for legal mail, violating Plaintiff's First Amendment rights.

9) One or more Defendant(s) returned to Plaintiff at least two pieces of legal mail on October 25, 2023, for Plaintiff to add the "current date," rendering his eventual mailing rejected by the Supreme Court of Ohio as untimely, violating Plaintiff's First and Fourteenth Amendment rights.

10) One or more Defendant(s) attached another inmate's legal mail to Plaintiff's bank statement, violating an unidentified constitutional right of Plaintiff's.

Despite language in Plaintiff's motion for an *ex parte* temporary restraining order ("TRO"), ECF No. 37 at PAGEID # 627, there are no "Supplemental State law legal mail claims." Moreover, the Court already screened out claims based on the Interstate Corrections Compact; litigation going forward shall thus be limited to the above claims.

Second, for efficiency's sake, it helps to clarify the official- and individual-capacity claims. As noted previously, the official-capacity claims are *solely* for declaratory and injunctive relief, while the individual-capacity claims are for damages. Op. and Order 17, ECF No. 35. Rather than permit Plaintiff to sue each Defendant in their official capacity for declaratory and injunctive relief, the

Court **DISMISSES** as duplicative all official-capacity claims except for those against Annette Chambers-Smith. *McGath v. Hamilton Loc. Sch. Dist.*, 848 F. Supp. 2d 831, 838 (S.D. Ohio Jan. 30, 2012) (noting courts regularly dismiss redundant claims) (citation omitted). Moreover, the Court's prior Opinion and Order recognized that the Complaint lacks sufficient allegations of Annette Chambers-Smith's personal involvement in anything but the prison mail policy. Thus, all of Plaintiff's official-capacity claims are against *only* Annette Chambers-Smith, and all of Plaintiff's damages claims are against *only* Payne, Smith, Gray, Gifford, Porter, Wolford, and the remaining Jane/John Doe mailroom employees (and those damages claims are asserted against those Defendants in *only* their personal capacities). To be clear, this approach changes nothing from the Court's prior Opinion and Order, ECF No. 35; it simply avoids duplicity going forward. Through discovery, it will be imperative for Plaintiff to assign specific Defendants to each personal-capacity damages claim.

Third, the Court turns to Plaintiff's pending motion for an *ex parte* TRO or preliminary injunction. ECF No. 37. The Magistrate Judge issued a Report and Recommendation ("R&R"), recommending the Court deny Plaintiff's request for *ex parte* relief but permit Plaintiff to re-file his motion for a TRO or preliminary injunction on a non-*ex parte* basis. R&R, ECF No. 55. Plaintiff objects. ECF No. 63.

Pursuant to Federal Rule of Civil Procedure 72(b), the Court reviews de novo those portions of the R&R that were properly objected to. The Court "may

accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."

Plaintiff's objections rest on an incorrect reading of the R&R. The R&R did not, as Plaintiff interprets, recommend the Court deny on the merits Plaintiff's requested relief. The R&R recommends denying *solely* motions for *ex parte* relief, concluding that no TRO or preliminary injunction in this situation need be *ex parte*. Plaintiff himself takes no issue with permitting Defendants to respond to his request for preliminary injunctive relief, ECF No. 63 at PAGEID # 832 ("Plaintiff agrees in principle that Defendants should 'be given an opportunity to respond' . . . ."), and, on de novo review, the Court agrees that Plaintiff has not demonstrated the need for an *ex parte* TRO or preliminary injunction.

Accordingly, the R&R is **ADOPTED**, and Plaintiff's motion for an *ex parte* TRO or preliminary injunction, ECF No. 37, is **DENIED**. Plaintiff may refile his motion for a TRO and preliminary injunction on a non-*ex parte* basis and, if he wishes, move to consolidate the preliminary injunction hearing with a trial on the merits.

Should Plaintiff refile, he is reminded of the Court's twenty-page page limit and is also reminded that, although allegations concerning prior violations at other institutions may eventually warrant damages, Plaintiff now resides at Trumbull Correctional Institution ("TCI"). The *Verified Complaint* contains no allegations concerning legal mail violations at TCI, although the Court can consider as true, for purposes of a TRO motion, the Complaint's general

allegations concerning ODRC's "control number" policy and can consider affidavits attached to a motion.[1]

As an alternative to re-filing a new motion, Plaintiff may rest on the arguments previously asserted by filing a one-page motion asking the Court to consider his prior motion, ECF No. 37, as briefed but with notice to Defendants.

Upon receipt of either a re-filed motion or the one-page motion, the Magistrate Judge will immediately establish a briefing schedule for Defendants' response and Plaintiff's reply.

Finally, Plaintiff is warned that, although he complains in ECF No. 37 of prior violations at TCI to obtain preliminary injunctive relief, he has no claim for damages for those violations. If Plaintiff wishes to assert damages claims based on the past opening of legal mail at TCI, he must amend the Complaint and add the applicable TCI mailroom employees as defendants.

The Clerk shall terminate ECF No. 37.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**

---

[1] Assertions that a plaintiff makes in a TRO motion, *e.g.*, ECF No. 37, are not evidence. Plaintiff is free, of course, to attach an affidavit to any forthcoming motion, *e.g.*, ECF No. 37-1 at PAGEID # 654–58.

Case No. 2:24-cv-1565