**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**DANNY LEE WARNER, JR.,**

      **Plaintiff,**

      **v.**                            **Civil Action 2:24-cv-1565**
                                             **District Judge Michael H. Watson**
                                             **Magistrate Judge Kimberly A. Jolson**

**ANNETTE CHAMBERS-SMITH, et al.,**

      **Defendants.**

### ORDER AND REPORT AND RECOMMENDATION

Plaintiff's second Motion for Service (Doc. 79), which the Court construes as a motion to supplement his Complaint, is before the Court.  On September 20, 2024, the Undersigned issued an Order and Report and Recommendation allowing Plaintiff to proceed, in part, on various legal mail-related claims against 15 John/Jane Doe mailroom employees.  (Doc. 5-1 at 27–28; *see also, e.g.*, Doc. 67 (noting which claims are proceeding in this case)).  The Undersigned also warned Plaintiff that he must file a motion to issue service "setting forth the identit[ies]" of the unnamed Defendants to proceed against them in this case.  (Doc. 5-1 at 32).  On February 14, 2025, Plaintiff identified three Doe Defendants, who have now been served and filed answers.  (Docs. 45, 52, 66).

Now, Plaintiff seeks to supplement his Complaint to identify thirteen more Doe Defendants:  Catherline Liberati, Lesley King, and Marvin Washington at Correctional Reception Center (CRC); Matthew Wilson, Dakota Lyon, Tyler Anderson, Ben Harmon, Jack Peters, and Levi Fagnan at Madison Correctional Institution (MaCI); and Matthew Johnson, Benjamin Edwards, Anissa Sowell, and Austin Hartman at Lebanon Correctional Institution (LeCI).  (Doc. 79 at 1).  The Motion is **GRANTED**.

Accordingly, it is **ORDERED** that the United States Marshal serve **via certified mail** the summons; the Complaint (Doc. 4); the September 20, 2024, Order and Report and Recommendation (Doc. 5-1); the Court's January 15, February 11, and April 22 Orders (Docs. 35, 44, 67); and this Order on Defendants Liberati, King, Washington, Wilson, Lyon, Anderson, Harmon, Peters, Fagnan, Johnson, Edwards, Sowell, and Hartman, as directed by Plaintiff.  (*See* Doc. 79-1, 79-2).  All costs of service shall be advanced by the United States.

On a final note, it appears these are the last Doe Defendants who needed identified.  (*See, e.g.*, Doc. 5-1 at 27–28 (allowing Plaintiff to proceed against 15 Doe Defendants); Docs. 45, 79 (identifying 16 Defendants); *see also* Doc. 79 (saying Plaintiff has "now identified" the employees at CRC, MaCI, and LeCI)).  As such, the Undersigned **RECOMMENDS DISMISSING** any unidentified John or Jane Does from this action.  In other words, only Plaintiff's claims against the now-named Defendants should proceed.

Date: May 22, 2025                                  s/ Kimberly A. Jolson
                                                    KIMBERLY A. JOLSON
                                                    UNITED STATES MAGISTRATE JUDGE

**Procedure on Objections**

Under Federal Rule of Civil Procedure 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended by the Court on a timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).