UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Danny Lee Warner, Jr.,

    Plaintiff,

    v.

Annette Chambers-Smith, *et al.*,

    Defendants.

Case No. 2:24-cv-1565

Judge Michael H. Watson

Magistrate Judge Jolson

## OPINION AND ORDER

This Opinion and Order addresses several outstanding matters.

**I.    The Court adopts ECF No. 80.**

The Magistrate Judge recommends dismissing without prejudice any remaining unidentified John or Jane Doe Defendants from this action for Plaintiff's failure to timely serve the Complaint. R&R, ECF No. 80. The R&R notified Plaintiff of his right to object to that recommendation and of the consequences of failing to do so. *Id.* at 2–3.

Plaintiff failed to object. As the R&R notes, moreover, Plaintiff has identified sixteen of the John and Jane Doe Defendants. *Id.* at 1–2. It thus appears there are no remaining John or Jane Doe Defendants. In any event, if there are such Defendants, the Court **DISMISSES** them **WITHOUT PREJUDICE** for Plaintiff's failure to timely effect service of process under Federal Rule of Civil Procedure 4(m).

## II. The Court overrules Plaintiff's objection to ECF No. 65.

Plaintiff's objection to ECF No. 65 is also pending. Obj., ECF No. 83. In that Order, the Magistrate Judge directed Defendants to confer with Plaintiff and respond to one of his motions to compel and for sanctions. Order, ECF No. 65. Plaintiff objects that the Order failed to rule on his request for sanctions. Obj., ECF No. 83.

Because the Order concerned a nondispositive matter, the Court will modify or set it aside only if it involved a clear error of fact or was contrary to law. Fed. R. Civ. P. 72(a).

Magistrate Judges maintain discretion over whether to award sanctions for a violation of an order to provide discovery. Fed. R. Civ. P. 37(b)(2). Here, the Magistrate Judge did not grant Plaintiff's motion to compel; she required the parties to meet and confer regarding their outstanding discovery disputes. ECF No. 65. This is a common approach in civil cases in this District, and neither her failure to grant the motion to compel nor to award sanctions is contrary to law. And the Order contains no clearly erroneous findings of fact. Accordingly, the objection is **OVERRULED**.

## III. The Court overrules in part and sustains in part Plaintiff's objection to ECF No. 67.

Next, Plaintiff objects to the way the Court characterized, in ECF No. 67, some of his claims. Obj., ECF No. 86.

As a preliminary matter, Plaintiff must cite any Order to which he objects by reference to the ECF Number (the "Doc #" in the middle of the header) and the PageID number. S.D. Ohio Civ. R. 7.2(b)(3). Plaintiff's objections, ECF No. 86, do not indicate which of the 100 documents on the docket he is objecting to, let alone cite a specific PageID number.

Second, the Federal Rules of Civil Procedure provide no mechanism for objecting to the Court's Orders. Plaintiff may object only to Orders or R&Rs issued by the Magistrate Judge. *Cf.* Fed. R. Civ. P. 72. His filing is thus improper. Nonetheless, the Court chooses to address Plaintiff's assertions.

First, Plaintiff incorrectly contends that the Court failed to address his biggest concern: "the opening of mail from a court, attorney, or other legal entity marked as 'Legal Mail' **outside of Plaintiff's presence**." Obj. 1, ECF No. 86 (emphasis in original).

The Court did address this claim—it is Claim 1 in ECF No. 67. As the Court understands Plaintiff's Complaint, the control number policy *is* the policy by which mail employees opened his legal mail outside of his presence (presumably because that legal mail lacked the required control number). His challenge to the constitutionality of the policy and his assertion that employees violated his rights by following that policy are two sides of the same coin. *See* OR&R 10, ECF No. 5 at PAGEID # 367 ("Plaintiff may proceed with his First Amendment access-to-courts and legal-mail, Sixth Amendment right-to-counsel, and Fourteenth Amendment due process claims against Defendants . . . based on his allegations

that these Defendants approved, *implemented*, and/or enforced ODRC's legal mail policy in violation of his rights." (emphasis added)).

Next, Plaintiff complains that the Court misconstrued his Complaint as alleging that Defendants destroyed his mail after photocopying it. Obj. 1, ECF No. 86. He insists he did not allege that Defendants *destroyed* his mail but rather that they seized it, photocopied it, and *retained* the original. *Id.* at 1–2. He thus challenges the Court's Order defining Claim 5 as an allegation that "Defendants' practice of opening (searching) and destroying original legal mail after photocopying the same (seizing) violates Plaintiff's Fourth Amendment rights." Order 2, ECF No. 67.

Given Plaintiff's objection, the Court will consider Claim 5 to allege that Defendants retained originals, rather than destroyed originals. Paragraph 37 in the Complaint, which alleges that Defendants "illegally dispos[ed] of mail without due process," ECF No. 4 at PAGEID # 225, will not be considered in connection with the Fourth Amendment claim.

Plaintiff also objects to the Court characterizing Claims 6, 7, and 8 as brought only under the First Amendment. He argues that, besides denial of access to the courts, he also alleged due process and Equal Protection claims under the Fourteenth Amendment.

To the contrary, the Court dismissed any Equal Protection claims that were based on legal mail. ECF No. 35 at PAGEID # 601 (adopting the recommendation that "Plaintiff's allegations concerning legal mail do not state a

Fourteenth Amendment Equal Protection claim" because Plaintiff failed to respond to the same). Claims 6, 7, and 8 therefore correctly failed to mention the Equal Protection Clause of the Fourteenth Amendment.

Further, the Complaint, ECF No. 4, does not allege due process violations in connection with Claims 6, 7, and 8. As noted by the Court, the due process allegations concern Defendants allegedly returning mail to the sender without notice to Plaintiff. Compl. ¶¶ 144, 186, ECF No. 4. The Court captured this allegation in Claim 4.

*Claim 1* should, however, include a due process claim. *See* Order 27, ECF No. 5 at PAGEID ## 384, 388; Order 3, 16, ECF No. 35 at PAGEID ## 574, 587; Order 2–3, ECF No. 44 at PAGEID ## 725–26.

In sum, Plaintiff's objection to ECF No. 67 is sustained only in that the Court will construe his Fourth Amendment claim as alleging that Defendants photocopied his mail and then retained the original and will consider a due process challenge in connection with Claim 1. The rest of Plaintiff's objections are **OVERRULED**.

The Clerk is **DIRECTED** to terminate as Defendants in this case all remaining John and Jane Does. The Clerk shall terminate ECF Nos. 80, 83, and 86.

**IT IS SO ORDERED.**

*[signature]*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**