IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DANNY LEE WARNER, JR.,

        Plaintiff,

   v.                                      Civil Action 2:24-cv-1565
                                           District Judge Michael H. Watson
                                           Magistrate Judge Kimberly A. Jolson

ANNETTE CHAMBERS-SMITH, et al.,

        Defendants.

## OPINION AND ORDER

Before the Court are Plaintiff's Motions to Compel Discovery and requests for sanctions (Docs. 58, 87). For the following reasons, the Motions are **DENIED**.

**I.    BACKGROUND**

Plaintiff, a prisoner at Trumbull Correctional Institution ("TCI") proceeding *pro se*, brings claims under 42 U.S.C. § 1983 for alleged violations of his rights under the First, Fourth, Sixth, and Fourteenth Amendments. (Doc. 44 at 2–3; Doc. 67 at 1–2; Doc. 104).

The Court has summarized Plaintiff's allegations many times. (*See, e.g.*, Doc. 54 at 1–2; Doc. 55 at 1–2; Doc. 67 at 1–2; *see also* Doc. 5-1 at 6–7). Briefly, Plaintiff challenges the constitutionality of the Ohio Department of Rehabilitation and Correction's ("ODRC") legal mail policy. (*See, e.g.*, Doc. 4 at ¶¶ 53–81, 129–45). The policy requires senders of "legal mail," including courts, attorneys, and legal organizations, to obtain a "control number" from the prisoner's correctional institution. If the sender does not, the prison may treat the mail as "regular mail" and copy and inspect it outside of the prisoner's presence. (Doc. 74-1 (legal mail policy, effective February 1, 2022); *cf.* Doc. 78-1 (policy variance requiring ODRC to treat all mail from federal courts as legal mail, effective April 14, 2025)). The Court allowed several of Plaintiff's

constitutional claims related to the mail policy and treatment of his purported legal mail to proceed in this case. (Doc. 35 at 31 (also severing several religious claims)).

About a month before the original discovery deadline, Plaintiff filed a Motion to Compel Discovery and Request for Sanctions. (Doc. 58). The Court expedited briefing on the Motion (Doc. 59). But in light of the representations in Defendants' response, the Court ordered the parties to confer. (Doc. 65; *see also* Docs. 77, 84). The parties thrice updated the Court on their conferences. (Docs. 75, 82, 112; *see also* Doc. 84 (extending the discovery deadline to September 4, 2025)). Plaintiff also filed a renewed Motion to Compel. (Doc. 87; *see also* Doc. 88 (ordering the parties to again confer and staying briefing)). After Defendants notified the Court that all outstanding discovery responses were mailed to Plaintiff (Doc. 106), the Court reset briefing deadlines on Plaintiff's two Motions. (Doc. 107). Plaintiff's reply briefs were due on or before August 12, 2025. (*Id.*). He failed to file either on time. Consequently, the Court considers the matters ripe for review.

## II.     STANDARD

Two rules govern Plaintiff's Motions. Rule 26(b) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "While relevancy is broad, 'district courts have discretion to limit the scope of discovery [when] the information sought is overly broad or would prove unduly burdensome to produce.'" *Plain Local Sch. Dist. Bd. of Educ. v. DeWine*, 335 F.R.D. 115, 119 (N.D. Ohio 2020) (alteration in original) (quoting *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)). At base, "the scope of discovery is within the sound discretion of the trial court." *Stumph v. Spring View Physician Practices, LLC*, No. 3:19-CV-00053-LLK, 2020 WL 68587, at *2 (W.D.

Ky. Jan. 7, 2020) (quotation marks and citations omitted).

Rule 37, for its part, provides relief when a party fails to answer interrogatories submitted under Rule 33 or fails to provide proper responses to requests for production of documents under Rule 34. *See* Fed. R. Civ. P. 37(a)(1), (3).

### III. DISCUSSION

Plaintiff's initial Motion asks the Court to compel Defendants to respond to his requests for interrogatory responses, the production of documents, and requests for admissions. (Doc. 58 at 2). He specifically discusses requests sent to Defendants Annette Chambers-Smith, Dianna Payne, and Terra Gray. (*Id.*). His renewed request seeks substantially the same. (Doc. 87). Ultimately, it seems that Plaintiff has received responses to his discovery requests. The Court declines to grant him the other relief he requests.

#### A. Discovery Requests

Plaintiff served the discovery requests at issue on November 20, 2024, which Defendants' counsel received on November 23. (Docs. 58, 64). Defendants acknowledge that, due to "an error on counsel's part," they failed to respond. (Doc. 64 (citing the many filings and procedural peculiarities of this case)). Defendants also averred that some discovery responses were mailed to Plaintiff on April 9, and full responses would be sent soon. (*Id.*).

In compliance with the Court's subsequent orders (Docs. 65, 77, 84), the parties continued to confer. In the first update, Defendants noted that they sent more discovery to Plaintiff on April 25, and were working to compile data to answer other requests fully. (Doc. 75 (also noting Plaintiff did not "agree" to the status report)). In the second update, Plaintiff indicated certain deficiencies in the produced documents, which Defendants were working through. (Doc. 82). Defendants were also continuing to compile data and information to answer the interrogatories directed at

3

Chambers-Smith. (*Id.*). Defendants were unable to speak with Plaintiff prior to filing the third update because Plaintiff was in the infirmary. (Doc. 89). Nonetheless, Defendants noted that they continued to produce documents the parties previously discussed. (*Id.*).

Plaintiff then filed a status report claiming that continuing to confer with Defendants on discovery was "pointless." (Doc. 112 (dated July 4)). He also contested Defendants' claim they would mail Chambers-Smith's discovery responses because he had not received them yet. (*Id.* at 2). And he noted that Defendants "never addressed" requests directed at Defendant Gray or other subsequently mailed discovery requests. (*Id.* at 3–4).

In their last update, Defendants stated that "all outstanding discovery responses including interrogatories and requests for production of documents and over one-thousand (1,000) pages of documents were mailed to Plaintiff. Defendants' counsel believes this satisfies all outstanding discovery requests, with the exception of one document, a contract between [ODRC] and the Aramark Corporation, that counsel has yet to receive from ODRC." (Doc. 106 (dated July 14) (also noting Plaintiff refused to speak with Defendants' counsel regarding the status report); *see also* Doc. 115 (Plaintiff's status report contesting Defendants' description of his refusal to speak on the phone but not mentioning discovery)). Defendants expanded, averring that they mailed Plaintiff Chambers-Smith's interrogatory responses. (Doc. 114 at 1, 3 (also stating as a precaution, counsel would mail them again)). Defendants further noted that though Plaintiff discussed discovery requests for Defendant Gray in his Motions, they had not received discovery requests for Gray or any other recently served Defendant. (*Id.*; *see also* Doc. 112 at 9 (Defendants' counsel's June 20 letter to Plaintiff informing him of this)). And other documents Plaintiff requested are not under the control of any Defendant in this matter. (Doc. 114 at 2).

At base, Defendants say, "[A]ll outstanding responses and documents have been sent to

4

Plaintiff." (*Id.*). Plaintiff has not contested Defendants' representations, and the Court has no reason to doubt them. (*See* Doc. 107). Consequently, the record before the Undersigned demonstrates Defendants have fulfilled their discovery obligations at issue in Plaintiff's two Motions to Compel.

As such, Plaintiff's requests to compel this information are **DENIED as moot**. The parties are **REMINDED** that fact discovery is now closed. (Doc. 84).

**B.     Sanctions**

Moving to sanctions, Plaintiff suggests that Defendants' failure to respond to his initial November 2024 discovery requests should result in default judgment and a monetary sanction to compensate him for the supplies and time it took to compile both the discovery requests and his Motions. (Doc. 58 at 6–7; Doc. 87 at 4–5).[1] The Court disagrees.

Working backwards, Federal Rule of Civil Procedure 37 states that if a party provides discovery after a movant seeks to compel that same discovery, the Court must, after giving an opportunity to be heard, require the party to pay the movant's reasonable expenses incurred in making the motion. Fed. R. Civ. P. 37(a)(5)(A). But the Rule also instructs that the Court must not order payment if the movant filed the motion before attempting in good faith to obtain the discovery without court action or if other circumstances would make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(1).

In his initial Motion, Plaintiff filed a declaration stating that he wrote and sent three letters to Defendants asking about responses to his discovery requests and noticing his intent to file a motion to compel. (Doc. 58 at 10). He asserts these letters constitute a good faith attempt to obtain the discovery at issue without Court intervention. (*Id.* at 1). In some circumstances, the Court

---

[1] Plaintiff also seems to seek sanctions against Defendants under Federal Rule of Civil Procedure 37(d) for failing to comply with a Court order (Doc. 58 at 6), but it is not clear what order Defendants are meant to have disobeyed.

5

would consider this sufficient. The problem is Defendants' counsel did not receive those letters or any other correspondence from Plaintiff before he filed the first Motion. (Doc. 64). The Court acknowledges that this may be no fault of Plaintiff's. But these circumstances would make an award of expenses unjust, as Defendants were not given the opportunity to correct their mistake before Plaintiff sought Court intervention. What's more, Defendants began providing Plaintiff discovery responses within two weeks of his initial Motion and have worked with him over several months to provide outstanding discovery. (*See, e.g.*, 64, 75, 82, 89, 106, 114). For these reasons, the Court declines to order Defendants to pay Plaintiff's reasonable expenses.

Plaintiff also requests default judgments for Defendants' untimeliness. (Docs. 58, 87). Up front, default judgment is the "most severe" sanction for discovery violations. *Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 376 (6th Cir. 2008). In determining whether default judgment is an appropriate sanction, the Court considers four factors: (1) whether the disobedient party acted in willful bad faith; (2) whether the opposing party suffered prejudice; (3) whether the court warned the disobedient party that failure to cooperate could result in a default judgment; and (4) whether less drastic sanctions were imposed or considered. *Id.*; *see also Vogerl v. Elliott*, No. 09-713-MRB-JGW, 2010 WL 4683950, at *2 (S.D. Ohio Sept. 9, 2010).

Simply, Defendants' actions do not justify default judgment. To begin, the Court cannot find that Defendants' failure to respond timely to Plaintiff's November 2024 requests resulted from willful bad faith. Defendants acknowledged their error, noted it was inadvertent, and supplied the error was due partly to Plaintiff's prolific filing and the action's complicated procedural developments. (Doc. 64). What's more, Defendants' willingness to then work with Plaintiff on his requests after their error was discovered is a hallmark of good faith. So, the first factor does not weigh in Plaintiff's favor. Nor do the other factors. To the extent Plaintiff suffered prejudice

6

because of the delayed responses, the Court granted two extensions to the discovery and dispositive motions deadlines. (Docs. 59, 84). And again, the Court highlights that Defendants almost immediately began producing discovery following Plaintiff's first Motion. (*See, e.g.*, Doc. 64). Additionally, the Court did not warn Defendants that they face the prospect of default. For these reasons, the Court declines to impose the most severe sanction available. Consequently, Plaintiff's Motions for Sanctions are **DENIED**.

    **C.**    **Admissions**

Ancillary to his requests for sanctions, Plaintiff seeks for matters to be deemed admitted because Defendants[2] failed to respond to his requests for admissions within thirty days of receiving them in November 2024. (Doc. 58 at 4–5; Doc. 87 at 4). Under Federal Rule of Civil Procedure 36, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). However, the Rule allows a longer time to be ordered by the Court. *Id.* And the Sixth Circuit is clear that district courts have "understandable discretion . . . to permit a longer time for a written answer to a request for admissions and to accept 'the filing of an answer that would otherwise be untimely.'" *U.S. v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009) ("That point of view is all of a piece with such judicial proclivities as the strong reluctance to default defendants for a few days' delay in filing their responsive pleadings.").

Additionally, under Rule 36, a court may permit withdrawal or amendment of an admitted matter "on motion . . . if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the

---

[2] Plaintiff's initial Motion seeks matters admitted related to all Defendants (Doc. 58 at 4–5), but his renewed Motion cabins his request to Defendant Annette Chambers-Smith only (Doc. 87 at 3–4).

action on the merits." Fed. R. Civ. P. 36(b); *see also Kerry Steel Inc. v. Paragon Indus.*, 106 F.3d 147, 54 (6th Cir. 1997) (highlighting the court's discretion). The Sixth Circuit has held that the Rule does not require a formal motion. *Petroff-Kline*, 557 F.3d at 293–94 (citing *Kerry Steel, Inc.*, 106 F.3d at 153–15). Rather, "withdrawal may be imputed from a party's actions, including the filing of a belated denial." *Id.* (noting the filing of an overdue response "effectively served as such a withdrawal") (citation modified); *see also Chan. v. City of Detroit*, 454 F. Supp. 2d 645, 666 (E.D. Mich. 2006) (stating a late response can be "equivalent to a withdrawal of an admission" (citation omitted)). Here, the Court finds justice favors **GRANTING** Defendants leave to withdraw their admissions and **ENLARGING** their time to respond.

To begin, it is clear that allowing Defendants to withdraw their admissions would facilitate the presentation of this action on its merits. Indeed, many of Plaintiff's requests go to the very heart of this case. (*See, e.g.,* Doc. 87-1 at 8 ("Admit that the ODRC mail policy is unconstitutional." (cleaned up)). Not only, then, do Plaintiff's requests raise questions of propriety, *Petroff-Kline*, 557 F.3d at 293 (noting requests for legal conclusions or opinions of law are improper under Rule 36), "to deny [Defendants] the opportunity to withdraw the deemed admissions would be to effectively resolve the dispute in favor of [Plaintiff] without actual consideration of the merits of the case," *McLeod Addictive Disease Ctr., Inc. v. Wildata Sys. Group, Inc.*, No. CIV. A. 2:08-CV-570, 2009 WL 4682341, at *3 (S.D. Ohio Dec. 3, 2009). Such an outcome is not favored.

Further, the Court is not persuaded that this course would prejudice Plaintiff in maintaining the action. "The prejudice contemplated by [Rule 36(b)] is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth. . . . rather, [it] relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal

8

or amendment of an admission." *Kerry Steel, Inc.*, 106 F.3d at 154 (citations and internal quotation marks omitted)); *see also Prof. Investigating & Consulting Agency, Inc. v. Suzuki*, No. 2:11-CV-01025, 2015 WL 1120012, at *6 (S.D. Ohio Mar. 12, 2015) ("Courts have specifically concluded that the preparation of a summary judgment motion in reliance upon default admissions does not constitute prejudice under Rule 36(b)." (collecting cases)).

Plaintiff's Motions do not contend prejudice in more than a conclusory way, let alone any "special difficulties" that he faces if the Court were to not deem his requests admitted. (*See, e.g.*, Doc. 58 at 4–5 (stating merely that Plaintiff will suffer prejudice and noting the "time, money, and energy" he spent to file the Motion to Compel)); Doc. 87 at 3–4 (arguing only that the requests be deemed admitted because of Defendants' "disregard[]" for the Federal Rules)). Any claim of prejudice is especially dubious because many of Plaintiff's requests appear wholly irrelevant to this legal mail-related action. (*See, e.g.,* Doc. 87-1 at 6 ("Admit that Plaintiff was brought to Ohio as part of a conspiracy." (cleaned up)). And at base, Defendants provided Plaintiff answers to the admission requests they received within thirty days of Plaintiff's initial Motion to Compel. (*Compare* Doc. 58 (motion docketed on March 28) *with* Doc. 87-1 at 11 (certifying service of Defendant Chambers-Smith's responses on April 25); *see also* Doc. 112 (letter to Plaintiff noting Defendants never received discovery requests for Defendant Gray)). Plaintiff has been on notice since that time of Defendants' responses. He has had many months to review the answers, discuss them with Defendants, and seek further discovery. In the end, while Defendants' carelessness is not admirable, it does not require the outcome Plaintiff seeks.

For these reasons, Plaintiff's request to deem matters admitted, either as a sanction for Defendants' untimeliness or under Federal Rule of Civil Procedure 36, is **DENIED**. The Court also **DENIES without prejudice** Plaintiff's perfunctory request that in the alternative to deeming

9

his requests admitted, the Court "determine the sufficiency" of Defendant Chambers-Smith's answers. (Doc. 87 at 4). At base, Plaintiff has not actually argued that any answer or objection is insufficient or provided specific facts or law on the matter.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motions to Compel Discovery and requests for sanctions (Docs. 58, 87), are **DENIED**.

IT IS SO ORDERED.


Date: September 15, 2025                    s/ Kimberly A. Jolson
                                            KIMBERLY A. JOLSON
                                            UNITED STATES MAGISTRATE JUDGE